UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 11-326-C**

**LARRY EUBANK,**                                                                              **PLAINTIFF,**

**V.**                      **MEMORANDUM OPINION & ORDER**

**JUDGE SHEILA COLLINS, ET AL.,**                                   **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

      This matter is before the court on defendant Lee Richardson's motion to dismiss, R.12. For the following reasons, the motion will be granted.

      On May 27, 2011, Larry Eubank filed suit against a number of defendants, including Richardson, under 42 U.S.C. § 1983 and § 1985 for alleged violations of and conspiracy to violate the rights of due process, equal treatment before the law, a fair and impartial redress of grievances, and other constitutional protections. Eubank also brought suit under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, for violations of equal treatment and the right not to be subjected to discrimination by any state entity. These allegations arise from events surrounding a court appointment of guardian for Eubank's mother in Jefferson County District Court. Richardson acted as attorney for Eubank during the guardianship proceedings from sometime between November 17, 2009, and January 11, 2010, and the date of Richardson's withdrawal on February 18, 2010.

1

Richardson's alleged actions during his tenure as Eubank's attorney are the source of this dispute.

Richardson's motion to dismiss will be granted because Eubank filed his complaint against Richardson in violation of the applicable statutes of limitations for § 1983 and § 1985 actions. Additionally, even though no claim is made specifically against Richardson under the authority of Title II of the Americans with Disabilities Act, any potential claim made under that premise will be dismissed because Richardson, as an individual, does not meet the definition of a public entity. *See* 42 U.S.C. § 12132; *see also Ability Ctr. Of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 904 (6th Cir. 2004) (citing 42 U.S.C.S. § 12131(1)(A), (B)).

Eubank's § 1983 and § 1985 actions are both subject to a one-year statute of limitations. "[T]he appropriate statute of limitations for a 42 U.S.C. § 1983 action is the state statute of limitations for personal injury." *Bedford v. Univ. of Louisville Sch. of Med.*, 887 F.2d 1086 (6th Cir. 1989). KRS 413.120(1) imposes a one-year statute of limitations for personal injury suits in Kentucky. For a 42 U.S.C. § 1985 action, a court "must look to the most analogous statute of limitations of the state in which the cause of action arose." *Bedford*, 887 at 1086 (6th Cir. 1989). Kentucky's one-year statute of limitations for conspiracies, KRS 413.140(1)(c), applies to 42 U.S.C. § 1985 actions because it is most analogous to the § 1985 actions. *Id.*

2

Eubank filed his complaint over one year from the date the causes of action began accruing.  "Federal law governs . . . when that limitations period [for a civil rights claim] begins to run," and that time is "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 272-73 (6th Cir. 1984)(internal citations omitted).

Richardson withdrew as Eubank's attorney on February 18, 2010.  Eubank's claims against Richardson pertain to alleged actions by Richardson that occurred before or simultaneous with Richardson's withdrawal as Eubank's attorney. Eubank complains that Richardson "conspired to deny [him] due process, equal treatment before the law, and a fair hearing." R.1, p.11.  In support of this allegation, Eubank says that Richardson made a statement in a notice of withdrawal of plaintiff's application for guardianship drafted by Richardson.  In the notice, Richardson stated that Eubank had determined "it would be impractical for him to serve as Guardian of his mother." *Id*.  Eubank alleges that this statement "was a fabrication" and "seriously detrimental" to his case. *Id*.  Eubank also alleges that Richardson "came to favor the opposing side" of Eubank's case after communicating with opposing counsel. *Id.*

Eubank argues in his response to Richardson's motion that the cause of action began accruing on June 3, 2010, because this was the date of the hearing in which other parties allegedly quoted Richardson's statement from the notice of withdrawal and this was when Richardson's "influence was felt." *Id.*  But Eubank

3

knew or had reason to know of the injuries asserted in his complaint before or, at the very latest, on the date of Richardson's withdrawal as Eubank's counsel on February 18, 2010.  All of Richardson's alleged actions of conspiracy took place before this date.

Eubank's complaint was filed on May 27, 2011, well over a year after the date Richardson withdrew as Eubank's attorney and the causes of action began accruing; therefore, Eubank's filing of his § 1983 and § 1985 actions violated the applicable one-year statutes of limitation.  Additionally, Eubank has offered no "grounds for tolling the statute of limitations, nor are any such grounds apparent," except that Eubank is proceeding *pro se* in this matter.  *Blalock v. Shoopman*, 1994 U.S. App. LEXIS 16482 (6th Cir. 1994).  Eubank provides an explanation for why his *service* of defendants was untimely, not why the *filing* of his complaint was untimely.

Accordingly,

**IT IS ORDERED** that Richardson's motion to dismiss, R. 12, is **GRANTED**, and the claims asserted against Richardson in this action are **DISMISSED.**

Signed on January 26, 2012

Jennifer B. Coffman, Judge
United States District Court