### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**CIVIL ACTION NO. 11-326-C**

**LARRY EUBANK,**                                                                          **PLAINTIFF,**

**V.**                              **MEMORANDUM OPINION & ORDER**

**JUDGE SHEILA COLLINS, ET AL.,**                                          **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on Harriet Derr, Margaret Brown, and Randall Lively's motion to dismiss, R. 14, Amy Wheatley's motion to dismiss, R. 16, and Sheila Collins's motion to dismiss, R. 20.  For the following reasons, the motions will be granted.

On May 27, 2011, Larry Eubank filed suit against a number of defendants, including Derr, Brown, Lively, Wheatley, and Collins, under 42 U.S.C. § 1983 and § 1985 for alleged violations of and conspiracy to violate the rights of due process, equal treatment before the law, a fair and impartial redress of grievances, and other constitutional protections.  Eubank also brought suit under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, for violations of equal treatment and the right not to be subjected to discrimination by any state entity.  The allegations arise from events surrounding a court appointment of guardian for Eubank's mother in Jefferson County District Court. During the period of November 2009 through June 2010, after guardianship hearings, Eubank was denied guardianship of his mother.

1

Eubank filed this action seeking redress for alleged violations of his rights during and in the events leading up to the proceedings.

Derr, Brown, and Lively were employees of Eastern Star Home in Louisville, Kentucky, at the time of the alleged harm.  Eubank's mother resided at Eastern Star during this time, and because of their employment at Eastern Star, the defendants were asked to provide information relevant to the guardianship proceedings. Eubank claims that Derr, Brown, and Lively "indulged in slander and defamation of character in a conspiracy to deny [him] due process, equal treatment before the law, and a fair hearing" by supplying the attorneys and other parties "biased and distorted" information pertaining to the guardianship proceedings for Eubank's mother. R.1, pp.11-14.

Wheatley was appointed and acted as guardian *ad litem* for Eubank's mother throughout the guardianship proceedings.  Eubank brings suit against Wheatley both individually and in her capacity as guardian *ad litem* for her actions during the proceedings, stating that she "lied in order to deny plaintiff a fair hearing . . . [and] conspired with others to tell lies to deny plaintiff a fair hearing." R.1, p.11.  Collins was the presiding judge during the guardianship proceedings.  Eubank brings claims against Collins both individually and in her official capacity for her conduct during the proceedings.  He claims that Collins "conducted the hearing in an undisciplined unprofessional manner," "refused to look at plaintiff's documentary evidence," discriminated against Eubank on the basis of disability and sex, and "denied

plaintiff due process, equal treatment before the law, and a fair, impartial hearing," among other complaints. R.1, pp.3-4.

Even taking all of the facts pled in Eubank's complaint as true, no claim brought against Derr, Brown, Lively, Wheatley, or Collins will survive the motions to dismiss. It is unclear from the complaint which particular claims are being brought against each defendant, but even assuming that claims were brought against all defendants under all three sources of relief – § 1983, § 1985, and the disability act – none can prevail.

First, the claims brought under Title II of the Americans with Disability Act will be dismissed for failure to state a claim. 42 U.S.C. § 12132 provides relief for discrimination of an individual by a public entity. A public entity is defined as "any state or local government and any department, agency, special purpose district, or other instrumentality of a State or State or local government." *Ability Ctr. Of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 904 (6th Cir. 2004) (citing 42 U.S.C.S. § 12131(1)(A), (B)). Derr, Brown, Lively, Wheatley, and Collins cannot be considered public entities because they are individuals; therefore, no relief is available to Eubank under the act, and the claims will be dismissed.

Second, the claims brought against the defendants under 42 U.S.C. § 1985 will be dismissed because the elements required to plead a § 1985 claim have not been satisfied. While Eubank does not specify under which subsection he brings his claims, the language of the allegations most closely resembles § 1985 (3). Eubank's complaint fails to state claims under this provision because, among other

3

deficiencies, Eubank has not alleged that "the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).

Five requirements apply to a cause of action under § 1985: "that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) [] that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Id.* (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03)(1971)).  Ignoring the other four requirements, Eubank's claims cannot succeed because § 1985 (3) "does not cover claims based on disability-based discrimination or animus." *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000).

Eubank asserts in his complaint that he suffers from disabilities "including sleep apnea and breathing difficulties, chronic fatigue, and high blood pressure." R.1, p.1.  Even if those ailments could constitute a disability under the law, which is unlikely, any alleged discriminatory motive of the defendants based upon this disability would not be sufficient to meet the class-based, discriminatory-motive requirement.  "[Section] § 1985 (3) only covers conspiracies against: 1) classes who receive heightened protection under the Equal Protection Clause; and 2) 'those individuals who join together as a class for the purpose of asserting certain

fundamental rights." *Bartell*, 215 at 560 (6th Cir. 2000) (internal citations omitted). A conspiracy motivated by disability-based discrimination does not fall into either category and is therefore not covered by the protection of § 1985 (3). *See Haverstick Enters. v. Financial Fed. Credit*, 32 F.3d 989, 994 (6th Cir. 1994). For those reasons, the § 1985 claims against Derr, Brown, Lively, Wheatley, and Collins will be dismissed.

Finally, all of the claims brought against these defendants under 42 U.S.C. § 1983 will be dismissed. As to Derr, Brown, and Lively, none of these defendants is a state actor. Two elements must be met before a plaintiff may recover under § 1983. *Bell v. Mgmt. & Training Corp.*, 122 Fed. Appx. 219, 222 (6th Cir. 2005) (internal citations omitted). The plaintiff must first show "that the challenged conduct was attributable to a person acting under color of state law," and second, show that the plaintiff was deprived of "'any rights, privileges, or immunities secured by the Constitution' or the laws of the United States." *Id.* Nothing in Eubank's complaint alleges that Derr, Brown, or Lively was acting under color of state law when they allegedly misrepresented the information related to Eubank's mother's guardianship proceedings. Eubank does not claim that Eastern Star is a state-run facility, and nothing indicates that these defendants were sued for any actions taken as state actors. Because Eubank's § 1983 claims against Derr, Bell, and Lively fail to assert state action, the first required element for a § 1983 claim is not met, and the § 1983 claims against these defendants will be dismissed.

The § 1983 claims brought against Wheatley and Collins will be dismissed for reasons of immunity.  Collins is protected by the doctrine of judicial immunity. "[A] judicial officer, in exercising the authority vested in [her], should be free to act upon [her] own convictions, without apprehension of personal consequences to [her]self." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978)(internal citations omitted).  Judicial immunity applies to § 1983 claims, *see Kenney v. Fox*, 232 F.2d 288 (1956), and even if the actions complained of were "in error," "done maliciously," or were "in excess of authority," the judge would be immune from suit unless she "acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-57 (internal citations omitted).  Collins is entitled to judicial immunity here because all of her alleged wrongful actions occurred from the bench, and there is no showing that she acted in the absence of jurisdiction.

Wheatley is also shielded from Eubank's § 1983 claim because as a guardian *ad litem*, she is entitled to immunity. *See Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984). "A failure to grant immunity would hamper the duties of a guardian ad litem in [her] role as advocate for the child in judicial proceedings." *Id.* Though Wheatley was the guardian *ad litem* for Eubank's mother, not a child, the same analysis applies.  As guardian *ad litem*, Wheatley was to act in the "best interests of the [person] [s]he represent[ed]," Eubank's mother.  *Id.*  Wheatley's position "clearly place[d] [her] squarely within the judicial process." *Id.*  Applying the principles set forth in the analogous § 1983 Sixth Circuit case, Wheatley is immune from Eubank's § 1983 claim, and the claim will be dismissed.

Because all federal claims over which the court has original jurisdiction are being dismissed in this action, the court will employ its authority under 28 U.S.C. §1367 (c) and decline to exercise supplemental jurisdiction over any state claims brought by Eubank in this action.

Accordingly,

**IT IS ORDERED** that the motions to dismiss, R. 14, R. 16, and R. 20, are **GRANTED**, and all claims against defendants Harriet Derr, Margaret Brown, Randall Lively, Amy Wheatley, and Sheila Collins are **DISMISSED** with prejudice.

Signed on January 26, 2012

**Jennifer B. Coffman, Judge**
**United States District Court**